IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD NORLAND,                                              CV. 05-6312-ST

        Plaintiff,                                    ORDER TO DISMISS

    v.

STATE OF OREGON, et al.,

        Defendants.

MOSMAN, District Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's claims against various defendants are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff brings this civil rights case challenging defendants' actions associated with his arrest, arraignment, incarceration, and conditions of confinement. He seeks

1 - ORDER TO DISMISS

compensatory and punitive damages, as well as declaratory and injunctive relief.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B) the action . . .
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d

2 - ORDER TO DISMISS

1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff brings this case against the State of Oregon and the Oregon Department of Corrections. It is well established that the Eleventh Amendment immunizes the State and its agencies from private damages or suits for injunctive relief brought in federal court under the Eleventh Amendment." Savage v. Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003). Accordingly, plaintiff cannot state a valid claim against these defendants.

Plaintiff also brings this suit against Attorney General Hardy Myers based simply on Myers' association with the State of Oregon.

3 - ORDER TO DISMISS

Plaintiff's claims against Myers in his official capacity are barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).[1]

Plaintiff also brings this suit against the attorneys he claims were responsible for prosecuting a criminal matter against him: Lane County District Attorney Doug Harcleroad and Assistant Lange County District Attorney Robert Lane. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993); Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976). "Prosecutorial immunity only protects defendants from § 1983 damage claims; it does not protect them from suits for injunctive relief." Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir. 1989). Accordingly, plaintiff's claims for damages against these defendants are dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's claims against the State of Oregon, Hardy Myers, and the Oregon Department of Corrections are DISMISSED in their entirety. Plaintiff's claims

---

[1] Even if this were not an official capacity suit against Myers, plaintiff impermissibly attempts to sue him for constitutional violations arising under a respondeat superior theory. Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978).

4 - ORDER TO DISMISS

for damages against defendants Harcleroad and Lane are also DISMISSED.  As plaintiff cannot cure the deficiencies with these claims, the court does not allow him an opportunity to amend his Amended Complaint.

    IT IS SO ORDERED.

    DATED this  27th   day of July, 2006.

                                      /s/ Michael W. Mosman  
                                       Michael W. Mosman  
                                       United States District Judge