`

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD NORLAND,

                     Plaintiff,                           CV-05-6312-ST

      v.                                     FINDINGS AND
                                              RECOMMENDATION

STATE OF OREGON, *et al*,

                     Defendants.

STEWART, Magistrate Judge:

## **PROCEDURAL HISTORY**

Plaintiff, Richard Norland ("Norland"), was arrested on October 7, 2005, and detained in the Lane County Jail for one week. On October 13, 2005, the same day as his release from jail, Norland, appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 USC § 2241 (docket # 1), claiming that his release had been delayed and challenging the conditions of his confinement. The Petition was dismissed for failure to allege how the delay in Norland's release violated his federal rights and because habeas corpus is not the proper mechanism to litigate challenges to conditions of confinement (docket # 3). The court advised Norland that if he

1 - FINDINGS AND RECOMMENDATION

wished to present claims challenging the conditions of his confinement in a context in which the merits would be considered, he should file a civil rights complaint. After Norland failed to file a civil rights complaint, judgment was entered against him and the case was dismissed without prejudice (docket # 5).

Later, Norland submitted a Motion for Relief from Judgment Due to Excusable Neglect (docket # 6), which this court granted (docket # 7). The case was reopened, and on May 30, 2006, Norland filed an Amended Complaint for Punitive and Compensatory Damages, Class Action Declaratory and Injunctive Relief (docket # 10) alleging a civil rights action under 42 USC § 1983 against various defendants associated with his arrest, arraignment, incarceration, and conditions of confinement. In August 2006, the court dismissed the claims against the State of Oregon, Hardy Myers, and the Oregon Department of Corrections and the claims for damages against District Attorney Harcleroad and Deputy District Attorney Robert Lane (docket # 15). In December 2006, the court also dismissed the claims against Deputy Rose (docket # 32).

On December 27, 2006, Norland filed a Second Amended Complaint (docket # 33) to which defendants filed Answers (dockets ## 36-40). Norland filed subsequent motions for temporary restraining orders and preliminary injunction (dockets # 41 & # 42) which were denied (docket # 45). On May 9, 2007, the court granted defendants' motion to extend the case schedule by approximately 90 days (docket # 49). On August 20, 2007, the court granted Norland's unopposed motion to extend the case schedule by another 90 days (docket # 51). At that point, discovery and dispositive motions were due November 4, 2007, and the pretrial order was due April 18, 2008.

///

2 - FINDINGS AND RECOMMENDATION

On January 14, 2008, defendants filed several discovery and sanctions motions based on

Norland's failure to prosecute (dockets ## 51-55).  On January 29, 2008, Norland responded with

a second motion to extend the case schedule (docket # 57).  On February 19, 2008, this court

denied defendants' motions and granted Norland's motion to extend time, set a new case

schedule, and advised that any further requests for extensions of time would be denied "absent an

emergency or an unforeseen delay not caused by one of the parties" (docket # 60).  As a result,

the Joint Alternate Dispute Resolution Report ("JADRR") was due March 14, 2008, completion

of discovery was extended to April 11, 2008, and filing of dispositive motions and the pretrial

order were extended to May 9 and October 14, 2008, respectively.

The parties did not file a JADRR.  Instead, on March 14, 2008, defendants filed a Joint

Case Management Statement and Report ("JCMSR") (docket # 61) without any contributions

from Norland due to his lack of communication with defendants.  However, this JCMSR

included defendants' view as to settlement and ADR prospects as required by the JADRR.

Norland filed a  Petition for False Claims Act and Qui Tam Relief (docket # 63) which this court

dismissed without prejudice (docket # 67).  No dispositive motions were filed by the May 9,

2008 deadline.

Prior to the discovery deadline of April 11, 2008, the parties filed other motions,

including Norland's Motion for Sanctions, Plaintiff's Update[d] JADRR, Discovery Motions and

to Amend Complaint (docket # 62), defendants' Second Motion for Discovery Sanctions (docket

# 66), and Norland's Motion for Sanctions, Update[d] JADRR, Discovery Sanctions and to

Amend Complaint (docket # 70).  The court denied all of those motions on May 19, 2008 (docket

# 71).

An unsuccessful settlement conference took place before Magistrate Judge Acosta on December 2, 2008 (docket # 81).  The court then reset the case schedule, after which defendants filed a Motion for Summary Judgment (docket # 83).  In addition to defendants' motion for summary judgment, Norland also filed a Motion for Sanctions (part of docket # 93), to which defendants responded by filing their own Motion to Strike Plaintiff's Response and Request for Sanctions (docket # 99).

On September 29, 2009, this court dismissed all of Norland's claims, with the exception of Count 3, alleging an unlawful strip search against Lane County Adult Corrections.  Opinion and Order (docket # 116), adopting Findings and Recommendation (docket #107).  On October 2, 2009, this court set a Pretrial Order deadline of November 16, 2009.

The Pretrial Order deadline passed and, on November 18, 2009, this court issued an Order to Show Cause ordering Norland to respond in writing by December 21, 2009, explaining why this case should not be dismissed for want of prosecution.  Scheduling Order (#117) and Order to Show Cause (#118).

On December 21, 2009, Norland filed a Response to the Order to Show Cause.  In that document, Norland reiterates his disagreement with previous court orders, accuses defendants of discovery violations, suggests that the judges currently assigned to this case should recuse themselves, and demands full adjudication of his claims.  Norland does not explain his failure to file a Pretrial Order and offers no further information as to how he intends to pursue his one remaining claim.

## RECOMMENDATION

Based on plaintiff's failure to timely file a Pretrial Order or to indicate that he intends to do so, this case should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 12, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 22nd day of December, 2009.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge